Neale E. Smith, Tucson, AZ, pro se.

**Lee Max BARNETT, Petitioner—Appellant,**

v.

**Jill BROWN, Warden, Respondent—Appellee.**

**No. 05–15247.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2006.

Filed March 10, 2006.

Robert D. Bacon, Esq., Oakland, CA, Jennifer M. Corey, Esq., Federal Public

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Ruth M. Saavedra, Esq., Tami M. Warwick, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and SHEA,* District Judge.

## MEMORANDUM **

Lee Max Barnett's amended federal habeas petition includes claims from three separate state habeas petitions. At the time of filing his amended federal habeas petition, the California Supreme Court had only ruled on the first of Barnett's state habeas petitions. The district court ordered that his federal petition be held in abeyance pending the exhaustion of his claims in state court. Barnett moved to terminate this abeyance and excuse the exhaustion requirement on account of allegedly excessive delays in the California Supreme Court's processing of his case. The district court denied the motion, finding that "[c]ontinued delay in state collateral proceedings might, at some future time, excuse exhaustion but petitioner has not presently established the inordinate, unjustifiable delay that would justify that course." After Barnett filed this appeal, the California Supreme Court denied his second state habeas petition. Barnett's third state habeas petition is still pending.

An interlocutory appeal under § 1291 is not available, but we treat Barnett's notice of appeal as a petition for a writ of mandamus. *See Special Investments Inc. v. Aero Air*, 360 F.3d 989, 993 (9th Cir.2004); *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir.2003) (en banc); *Cordoza v. Pacific States Steel Corp.*, 320 F.3d 989, 998 (9th Cir.2003). There is no basis for mandamus here. The California Supreme Court has denied the second of Barnett's three state habeas petitions, thus exhausting the bulk of his claims and mooting most of his petition to us. With respect to the claims raised in Barnett's third state habeas petition, the delay attributable to the state is not yet so inordinate or unjustifiable as to excuse exhaustion.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.